**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
**UNITED STATES OF AMERICA**          :
                                                            :
        – v –          :          **11-cr-777-01 (JBW)**
                                                            :
**LIN FENG XU,**          :
                **Defendant**          :
-----------------------------------------------------------------X

## SENTENCING SUBMISSION OF THE DEFENDANT

 

David M. Colgan, Esq. (DC2333)
Attorney For Defendant
305 Broadway, Ste. 905
New York, N.Y.  10007

THE LAW OFFICES OF
## DAVID M. COLGAN, ESQ.

---

| | | |
|---|---|---|
| 305 BROADWAY, STE. 905<br>NEW YORK, N.Y. 10007<br>OFFICE: (646) 822-1210<br>FAX: (646) 822-1211 | email: colgandavid@aol.com | 711 59TH STREET, 2ND FLOOR<br>BROOKLYN, N.Y. 11220<br>OFFICE: (347) 889-8368<br>FAX: (347) 889-6599 |

February 28, 2012

**Filed Via ECF**
Hon. Jack B. Weinstein
Senior United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, N.Y.  11201

      **Re:**    **Pre-Sentence Memorandum**
                **USA v. Lin Feng Xu, Cr Dkt No. 11-cr-777-01 (JBW)**

Dear Judge Weinstein:

      I write on behalf of Mr. Lin Feng Xu, presently scheduled to be sentenced by Your Honor on March 13, 2012 at 10:30 a.m., to urge the Court to impose a non-Guidelines, non-incarceratory sentence.  I submit the instant Pre-Sentence Memorandum, Mitigation Report, Affidavit and supporting documents for the Court's consideration in connection with Mr. Xu's sentence.

**I.**      **Background**

      Lin Feng Xu was arrested on September 19, 2011 for his role in the instant offense.  Mr. Xu accepted full responsibility for his criminal conduct and pleaded guilty on December 5, 2011 to a two (2) count Information charging violations of 18 U.S.C. §554 (Smuggling Goods From the United States) and 16 U.S.C. §1538(c) (Violation of the Endangered Species Act).  In an effort to facilitate the plea and sentence, Mr. Xu executed a 'Joint Factual Statement' with the Government which was filed with the Plea Agreement and constitutes an accurate statement of his conduct and is part of the Plea Agreement.

## II.     Rule 11 Hearing and Probation Report

I have reviewed the minutes of the plea (Rule 11 Hearing) with Mr. Xu and we have no objection to the record before the Court.

I have also reviewed the United States Department of Probation's 'Pre-Sentence Investigation Report' (hereinafter, PSR) with Mr. Xu. As far as the offense conduct, the defendant's criminal history, the offense level computation and the sentencing options are concerned, we have no objections. However, as far as the offender characteristics are concerned, the following substantive objection was filed with Probation on February 1, 2012:

> With respect to paragraph 42, you wrote that "an internet search of the art company revealed an article dated November 18, 2010, which states that the defendant's father purchased an 18ʹ century white jade carving in the United Kingdom for $168 million on behalf of a collector in Hangzhou, China." It appears that you have misread the article.
>
> The article at issue, which can be found at http://www.bloomberg.com/news/2010-11-19/asians-battle-for-jade-at-record-168-million-chinese-auctions.html, states that "[t]he sale of 18th century white-jade carving has rounded off a series of auctions in the U.K. that raised a record 105 million pounds ($168 million)." The article goes on to specifically state that "Woolley & Wallis's 343-lot event on Nov. 17 raised 10 million pounds, a record for the auction house. Its Qianlong-period carving had been estimated at 400,000 pounds to 600,000 pounds. It was bought in the room by Xu Zhe Hao, a Cixi City-based dealer in Zhejiang province, who said he was bidding on behalf of a collector in Hangzhou." As such, the white-jade carving purchased by the defendant's father on behalf of a collector "rounded off" and reflects only a fraction of the "series of auctions in the U.K. that raised" $168 million. According to the article, Mr. Hao's purchase "raised 10 million pounds" and not $168 million as stated in paragraph 42 of the Presentence Investigation Report.
>
> As proof of the value of the item at issue, attached hereto please find a copy of the Woolley & Wallis invoice for the sale of the item. This invoice, which reflects a sale date of November 17, 2010, also reflects that the total price paid at auction for the item at issue was 3,933,200.00 pounds (includes premium/commission). This invoice also reflects the identity of the collector, Mr. Bonan Xu. Furthermore, a separately attached letter from Woolley & Wallis addressed to Bonan Xu confirms that "Mr. Z Xu" was "the original purchaser" but not the collector.

A copy of article referenced above is attached hereto as <u>Exhibit A</u> for the Court's review. A copy of the Woolley & Wallis auction house 'invoice' and 'letter' provided to Probation are also attached hereto as <u>Exhibits B and C</u>. These documents establish that the elder Mr. Xu acted as a representative of a third party in connection with the relevant transaction and that the value of the transaction was highly overstated in the PSR. Ultimately, the transaction did not involve the defendant and should be deemed irrelevant to considerations of his offender characteristics.

**III.     Sentencing Considerations:**

Although district courts must use the Sentencing Guidelines as the starting point, following the United States Supreme Court's decisions in United States v. Booker, 543 U.S. 220, 125 S.Ct. 738 (2005) (Guidelines are advisory); Kimbrough v. United States, 552 U.S. 85, 128 S.Ct. 558 (2007) (District Court may impose a sentence which varies from the Guidelines based solely on Court's view that the Guidelines range does not properly reflect § 3553(a) factors); Gall v. United States, 552 U.S. ---, 128 S.Ct. 586 (2007) ("extraordinary circumstances" not required to impose a non-Guideline sentence); Rita v. United States, 551 U.S. 338, 127 S.Ct. 2456, 2465 (2007) (unlike an appellate Court, the sentencing Court cannot consider a sentence falling within the Guidelines range as presumptively reasonable) this Court's sentencing decision must be governed by the factors set forth in 18 U.S.C. § 3553 (a).  Ultimately, this Court should impose a sentence that is "sufficient but not greater than necessary" to meet the purposes of sentencing under § 3553 (a).

In determining the sufficiency of the sentence in the instant case, the Court should consider various factors including, but not limited to: (1) nature and circumstances of offense and the history and characteristics of the defendant, and (2) the need for the sentence imposed— (a) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense, (b) to afford adequate deterrence to criminal conduct, (c) to protect the public from further crimes of the defendant, (d) to provide the defendant with needed... medical care; and (3) the kinds of sentences available.  (See, 18 U.S.C. § 3553 (a)(1) - (3)).

**A.  Guidelines Range**

All parties have agreed upon the offense level computations and the Guidelines range. The base offense level under §2Q2.1 (a) is 6.  The final offense level, after adjustments for conduct which involved a commercial purpose (+2 under §2Q2.1 (b)(1)(A)), for total market value exceeding $30,000.00 (+6 under §2Q2.1 (b)(3)(A)(ii) and 2B1.1 (b)(1)(D)) and for acceptance of responsibility (-2 under §3E1.1 (a)), is level 12 (10 – 16 months incarceration).

The Parties have agreed upon the 'Market Value' of the 18 pieces of Elephant Ivory carvings at issue.  The parties have agreed upon a "Market Value' of $50,500.00.  The parties have also agreed that the 'Market Value' should include the premiums or commissions of between 22% - 22.50% charged by the Bonhams and Dallas Auction houses, where the vast majority of the carvings at issue were purchased.  Four of the smaller pieces were purchased at flea markets or antique shops in New York City.

Although the parties have agreed upon the Guidelines range, no presumption exists that the Guidelines provide the appropriate sentence for this particular defendant.  Furthermore, the Court may vary from the Guidelines based entirely upon the view that the Guidelines range does not properly reflect the § 3553(a) factors.  Kimbrough v. United States, 552 U.S. 85, 128 S.Ct. 558 (2007).

**B.     18 U.S.C. § 3553 (a) Factors:**

**(1)     Nature and Circumstances of the Offense,
         History and Characteristics of the Defendant:**

The PSR and the Joint Factual Statement accurately summarize the nature and circumstances of the offense and provide the Court with an accurate description of the history and characteristics of the defendant.

A 'Mitigation Report' has been submitted on behalf of Mr. Xu to assist the Court in determining the appropriate sentence in the instant case. See, Exhibit D, '*Mitigation Report*.' The 'Mitigation Report' has been prepared by Chris Napierala, Director of '*Sentencing Alternatives*,' a highly regarded mitigation-services program that provides written and oral advocacy, alternatives-to-incarceration referrals and placement, and monitoring services for criminal defendants in New York's state and federal courts. The 'Mitigation Report' provides an exhaustive psycho-social history of the defendant and a thorough analysis of the nature and circumstances of the offense and the history and characteristics of the defendant. The Report also addresses all of the remaining § 3553(a) factors as applied to Mr. Xu and his sentencing in the instant case. We humbly request that the Court give this Report strong consideration when determining the appropriate sentence for Mr. Xu.

An 'Affidavit' from Mr. Xu's wife, Fang Fang Shen, M.D., has also been submitted for the Court's consideration in connection with her husband's sentencing. (See, Exhibit E, '*Affidavit*'). In her Affidavit, Dr. Shen characterizes her husband as an educated, Christian, family man who attends weekly Sabbath; as a "person of high integrity;" and, as a dedicated husband and a loving father who is the principal caretaker of their 5 year old daughter, Shen Yi Xu. Dr. Shen also explains that Mr. Xu is a loyal son who "followed his father's directions and did what his father told him to do."

The nature and circumstances of the offense and the history and characteristics of Mr. Xu, as revealed in the PSR, the Joint Factual Statement and the Mitigation Report, render any term of incarceration as greater than necessary to effectuate the goals of sentence under § 3553 (a). We submit that a sentence other than imprisonment is generally appropriate for a first time offender who has not committed a crime of violence or otherwise serious offense. See, 28 U.S.C. 994(j).

**(2) (a)  Reflect the Seriousness of the Offense,
         Promote Respect for the Law,
         Provide Just Punishment for the Offense:**

The Court need not impose a Guidelines sentence to effectuate the goals of sentencing under § 3553 (a)(2)(a). Mr. Xu has been effectively confined within the United States and under Court supervision for over five months since his arrest. He was arrested, has been prosecuted and will suffer a record of conviction as a result of his conduct in the instant case. He shall be removed or deported from the United States upon expiration of his sentence. He will be barred under the Immigration Laws, from re-entering the United States for at least 10 years but possibly

20 years, because of his instant conviction. These consequences are more than sufficient to provide just punishment for the offense, promote respect for the law and to reflect the seriousness of the offense.

A non-Guidelines, non-incarceratory sentence in the instant case is sufficient to satisfy the objectives of sentencing under 18 U.S.C. § 3553 (a)(2)(a).

### (2)(b)  Afford Adequate Deterrence to Criminal Conduct:

The instant offense reflects Mr. Xu's first and only contact with the criminal justice system. He was arrested, subjected to hours of interrogation and imprisoned. He was released on a bond and has been reporting to Pre-Trial Services, without issue, since his release. He has not been able to return to his native China since the time of his arrest. Although his wife has visited, he has been separated from his 5 year-old daughter, for whom he was the primary caretaker, since the time of his arrest.

Mr. Xu deeply regrets committing a crime against the United States and has been thoroughly chastened by his conviction. He understands that he facing a term of imprisonment. He also understands that he is facing immediate deportation from the United States and that he may not be permitted to return to the United States for up to 20 years from the date of his sentence. His arrest, the subsequent restrictions on his liberty, his heightened understanding of international and domestic law and his separation from his 5 year-old daughter will certainly deter him from any future criminal conduct, domestically and abroad.

The goal of deterrence will be sufficiently served if the Court imposes a non-incarceratory sentence. In this particular case, a term of imprisonment would be greater than necessary to satisfy the objectives of sentencing under 18 U.S.C. § 3553 (a)(2)(b).

### (2)(c)  Protect the Public from Further Crimes of the Defendant:

The instant offense reflects Mr. Xu's only contact with the criminal justice system. Mr. Xu does not have a history of violence or moral depravity. The underlying crime was not a crime of violence and did not involve the use of any weapon. His conduct did not cause damage to property. Mr. Xu's removal or deportation and preclusion from the United States under the Immigration Laws will also prevent him from violating the laws of this country in the future.

In the instant case, a Guidelines range sentence would be far greater than necessary to satisfy the objectives of sentencing under 18 U.S.C. § 3553 (a)(2)(c).

### (2)(d)  Provide the Defendant with Needed Educational Training, Medical Care or Other Correctional Treatment:

Mr. Xu is not in need of any educational training, medical care or other correctional treatment.

A term of imprisonment is not necessary to satisfy the objectives of sentencing under 18

U.S.C. § 3553 (a)(2)(d).

IV.     **Policy Statements and Downward Departure:**

The terms of the Plea Agreement do not preclude Mr. Xu from seeking a variance or downward departure from a Guidelines sentence. The 'Mitigation Report' provides ample support for a downward departure and the imposition of non-incarceratory sentence. Mr. Xu submits that the Court may consider the following additional grounds for a downward departure from a Guidelines sentence.

   A.     **Aberrant Behavior (§5K2.20):**

Mr. Xu's criminal conduct was indisputably aberrant behavior. He is an educated, thirty-year old man who led a law-abiding life as a family man in China. He is a first time offender who has not been convicted of a crime of violence or other serious offense. There is little doubt that he exercised no managerial or leadership role in connection with the planning and execution of the instant offense. The only apprehended culprit, his role was not deemed aggravating by the Government or Probation. But for his father's direction, it is unlikely that Mr. Xu would have engaged in the offense at all. He traveled to the U.S. at his father's direction, did not personally purchase any of the carvings from the auctions at issue and transported the carvings in his own luggage at his father's behest.

Under §5K2.20, the Court may consider a downward departure on the ground that the defendant's criminal conduct was aberrant behavior. To the extent that Mr. Xu engaged in a single criminal transaction that was committed without significant planning; was of limited duration; and represented a marked deviation from his otherwise law abiding life, we submit that he is eligible for a downward departure under §5K2.20. Consideration of Mr. Xu's mental and emotional condition, his employment record and his motivation for committing the offense – as discussed herein and in the Mitigation Report – also militates in favor of a downward departure under to §5K2.20.

   B.     **Coercion or Duress (§5K2.12):**

The thrust of the 'Mitigation Report' is that Mr. Xu, soft-spoken and passive by nature, transported the "regulated ivory objects in violation of law, [but] did so at the behest of his father, under implicit pressure to do so – self-imposed or otherwise – with no meaningful knowledge of the object's pedigree or value, or an understanding of the severity of the offense." See, Mitigation Report, p. 11. At the time of the offense, Mr. Xu relied on his father to provide for all of his economic needs. The details of Mr. Xu's circumstances are contained in the Mitigation Report. The Court may consider the serious coercion or duress suffered by Mr. Xu under the circumstances surrounding his offense when considering a downward departure. See, §5K2.12.

## V. Conclusion

The defendant humbly and respectfully submits that, given the facts and circumstances of this case, the goals of reaching a "just punishment" can best be reached by a non-Guidelines, non-incarceratory sentence imposed under the 3553(a) factors. He further submits that the sentence range contemplated by the United States Sentencing Guidelines in connection with the instant offense exceeds what is necessary.

A sentence to a term of probation for a period of one year or, in the alternative, a sentence of time served and non-supervised release which would allow for the immediate removal of Mr. Xu from the United States and will spare the Government from the expense of imprisonment and/or supervision of a Chinese National, is sufficient to satisfy the 3553(a) factors.

Thank you for your consideration.

Respectfully submitted,

By:   /s/    David    M.    Colgan
David M. Colgan, Esq. (DC2333)
Attorney For Defendant
305 Broadway, Ste. 905
New York, N.Y. 10007
(646) 822-1210
(646) 822-1211 (facsimile)
colgandavid@aol.com

cc: **Via ECF and Email**

    Richard Udell, Esq.
    Senior Trial Attorney
    Environmental Crimes Section
    United States Department of Justice
    richard.udell@usdoj.gov

    Douglas Pravda, Esq.
    Assistant United States Attorney
    United States Attorney's Office
    douglas.pravda@usdoj.gov

    Amanda Donat, Esq.
    Probation Officer
    United States Department of Probation
    amanda_donat@nyep.uscourts.gov

Case 1:11-cr-00777-JBW   Document 22   Filed 03/07/12   Page 9 of 9 PageID #: 128